UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00057-MR

| ANTHONY AIKENS, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| DAVID OSORIO, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e), [Doc. 1], and Plaintiff's motion for an extension of time, [Doc. 7]. Plaintiff is proceeding in forma pauperis.[1] [Docs. 2, 11].

## I. BACKGROUND

Pro se Plaintiff Anthony Aikens ("Plaintiff") alleges that he is a pretrial detainee at the Mecklenburg County Jail (the "Jail") in Charlotte, North Carolina.[2] He filed this action on February 10, 2022 pursuant to 18 U.S.C. § 1983, asserting violations of his equal protection and due process rights

---

[1] Plaintiff's motion for extension of time to comply with the Clerk's Order for Plaintiff's most recent prisoner trust fund account statement will be denied as moot. [Doc. 7].

[2] Plaintiff's recent mail to the Court was enclosed in an envelope with a return address for the New Hanover County Jail in Castle Hayne, North Carolina. [See Docs. 5, 5-1]. Thus it appears that Plaintiff has moved.

under the Fourteenth Amendment. Plaintiff also purports to make claims of civil conspiracy and violation of the N.C. Rules of Professional Conduct and Article 19 of the N.C. Constitution. [Doc. 1 at 3]. Plaintiff names David Osorio, identified as a Detective for the Charlotte Mecklenburg Police Department (CMPD), and W. Terry Sherrill, identified as Plaintiff's attorney, as Defendants in this matter, in their individual and official capacities. [Id. at 2].

Plaintiff alleges as follows. On July 17, 2016, Defendant Osorio signed a "felony warrant" in which Osorio provided perjured testimony. [Id. at 4-5]. Plaintiff was arrested on November 1, 2019 and Defendant Sherrill was appointed as his attorney. [Id. at 5]. On April 27, 2020, Defendant Sherrill showed Plaintiff discovery from Plaintiff's case, which included a lab report dated February 22, 2005 reflecting that Plaintiff may have been "a contrubtor [*sic*] to the touch DNA that was found on the steering wheel." [Id. at 5]. Defendant Sherrill "violated the rules of professional conduct of the N.C. State Bar and clearly ignored all of the evidence & facts" in the discovery that "[Sherrill] provided [Plaintiff] with." [Id.]. Defendant Sherrill "denied [Plaintiff] due process and only sought to either convince [Plaintiff] to take a plea or have [him] arraigned on Oct/28/21…." [Id.].

Plaintiff does not allege having suffered any injury. [Id.]. For relief, Plaintiff seeks $200 million and punitive damages in the same amount. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which

3

set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's Complaint fails initial review for several reasons.

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

First, Defendant Sherrill was not a state actor. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983). As such, Defendant Sherrill is not subject to suit under § 1983 and he will be dismissed as a Defendant in this matter.[3]

Second, Plaintiff's remaining claims appear to relate to an implied false arrest based on Defendant Osorio's alleged perjured testimony. It also

---

[3] To the extent the Plaintiff wants Plaintiff's to exercise supplemental jurisdiction over Plaintiff's other purported claims against Defendant Sherrill, the Court declines to do so.

4

appears that Plaintiff may remain detained related to this arrest. In Younger v. Harris, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. 37, 43-44 (1971). Under the Younger abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, given that Plaintiff remains detained and that it appears that the state court proceeding is ongoing, it also appears that the Court must abstain from interfering in the ongoing state proceedings. Should Plaintiff, however, believe that his claims are not barred by Younger, he may amend so his Complaint.

Third, it appears that Plaintiff's claims against Defendant Osorio may be barred by the statute of limitations. Plaintiff alleges that, in 2016, Defendant Osorio perjured himself in a warrant against the Plaintiff. While Plaintiff alleges that he was arrested on November 1, 2019, he does not allege when he learned of the alleged perjury in the 2016 warrant or any facts from which the Court may assess when he should have known about the 2016 warrant. Any claim Plaintiff may have had under § 1983 or otherwise

5

Case 3:22-cv-00057-MR   Document 12   Filed 03/17/22   Page 5 of 8

related to these events has likely expired.  See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (affirming dismissal of § 1983 action on initial review for failure to file complaint within the applicable limitations period).

Finally, Plaintiff's allegations are too vague and conclusory to state any claim for relief.  Plaintiff alleges that Defendant Osorio "gave a statement testimony in the 4 paragraph that was perjured.  Fully knowing that he is a Detective not a labortory Tec." [Doc. 1 at 4].  The Court, however, has no frame of reference for this allegation or any significance it might have had to Plaintiff's alleged arrest.  Moreover, Plaintiff writes, "NA" in the space on his Complaint where he is to describe the injuries he has suffered.  [Id. at 5]. Plaintiffs cannot recover under 42 U.S.C. § 1983 without having suffered an injury.

In sum, Defendant Sherill will be dismissed as a Defendant in this matter, the Court must abstain from interfering in any ongoing state court proceedings, Plaintiff's claims appear to be barred the statute of limitations, and Plaintiff has failed to state a claim for relief in any event.  The Court, however, will allow Plaintiff to amend his Complaint to show why his Complaint is not precluded under Younger and otherwise stating a claim upon which relief may be granted that is not barred by the statute of

6

Case 3:22-cv-00057-MR   Document 12   Filed 03/17/22   Page 6 of 8

limitations, if the facts support such amendment.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendant Sherrill is **DISMISSED** as a Defendant in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's motion [Doc. 7] is **DENIED** as moot.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: March 17, 2022

Martin Reidinger
Chief United States District Judge