UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00057-MR

| ANTHONY AIKENS, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| DAVID OSORIO, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915A and 1915(e), [Doc. 13], and Plaintiff's motion to proceed in forma pauperis, [Doc. 2].

**I. BACKGROUND**

Pro se Plaintiff Anthony Aikens ("Plaintiff") filed this action on February 10, 2022 pursuant to 18 U.S.C. § 1983, asserting violations of his equal protection and due process rights under the Fourteenth Amendment. Plaintiff also purported to make claims of civil conspiracy and violation of the N.C. Rules of Professional Conduct and Article 19 of the N.C. Constitution. [Doc. 1 at 3]. Plaintiff named David Osorio, identified as a Detective for the Charlotte Mecklenburg Police Department (CMPD), and W. Terry Sherrill, identified as Plaintiff's attorney, as Defendants. [Id. at 2]. Plaintiff alleged

that he was a pretrial detainee at Mecklenburg County Jail.[1]  [Id. at 3].  In his original Complaint, Plaintiff alleged that Defendant Osorio signed a "felony warrant" providing perjured testimony on July 17, 2016 and implied that such testimony led to Plaintiff's false arrest on November 1, 2019.  Plaintiff further alleged that Defendant Sherrill was his appointed attorney, violated the N.C. Rules of Professional Conduct, and denied Plaintiff due process by trying to convince him to plead guilty.  [Id. at 5].  Plaintiff did not allege having suffered any injury, but seeks $400 million in damages.  [Id.].

On initial review of Plaintiff's Complaint, the Court dismissed Defendant Sherrill because he is not a state actor under § 1983 and declined to exercise supplemental jurisdiction over any of Plaintiff's potential state law claims.  As to Defendant Osorio, the Court found that Plaintiff's claim appeared to be precluded by the Younger abstention doctrine because Plaintiff remained a pretrial detainee and appeared to be barred by the statute of limitations, in any event.  The Court also noted that Plaintiff's allegations were too vague and conclusory to state a claim for relief, even if not barred.  [Doc. 12].  The Court allowed Plaintiff 30 days to amend his

---

[1] On February 10, 2022, Plaintiff mailed a letter to the Clerk of this Court with a return address for New Hanover County Jail located in Castle Hayne, North Carolina.  [Docs. 5, 5-1].  The Clerk updated Plaintiff's address in the docket in this matter accordingly. [2/16/2022 Docket Entry].

2

Complaint to show why his Complaint is not precluded under Younger and to otherwise state a claim upon which relief may be granted that is not barred by the statute of limitations. [Id. at 7]. Plaintiff has timely filed an Amended Complaint, which is before the Court now on initial review. [Doc. 13].

On reviewing Plaintiff's Amended Complaint and the dockets in other matters Plaintiff has filed with this Court, the full record reflects that Plaintiff was incarcerated in the State of New York immediately before his alleged arrest in the instant action. The Court then discovered that Plaintiff has previously filed numerous actions under 42 U.S.C. § 1983 in the Eastern, Western, and Southern Districts of New York. At least three of those actions were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for Plaintiff's failure to state a claim for relief. See Aikens v. Cerrito, No. 19-CV-5168, 2019 WL 4647209 (E.D.N.Y. Sept. 24, 2019); Aikens v. Herbst, No. 16-CV-772WMS, 2017 WL 2860452 (W.D.N.Y July 5, 2017); Aikens v. Royce, No. 14-CV-663 (KMK), 2016 WL 5720792 (S.D.N.Y. Sept. 30, 2016). Plaintiff has also filed at least two prior civil actions in this Court that were dismissed for Plaintiff's failure to state a claim for relief. See Aikens v. Mecklenburg County, No. 3:19-cv-389-FDW, 2019 WL 4458872 (W.D.N.C. Sept. 17, 2019); Aikens v. Putney, No. 3:19-cv-390-FDW, 2019 WL 4780896 (W.D.N.C. Sept. 30, 2019).

3

## II. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Amended Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020).

As enumerated above, Plaintiff has filed at least five prior civil actions that count as strikes under § 1915(g). Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury, which he has not done. The Court will dismiss Plaintiff's Amended Complaint without prejudice and vacate the Order granting Plaintiff leave to proceed in forma

pauperis.

## III. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint as barred by the three-strikes provision of 28 U.S.C. § 1915(g) and vacate the Order granting Plaintiff in forma pauperis status.

**IT IS, THEREFORE, ORDERED** that:

(1) The Order waiving the initial partial filing fee and directing monthly payments from Plaintiff's inmate account [Doc. 11] is **VACATED**, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs [Doc. 2] is **DENIED**.

(2) Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

The Clerk of Court's Financial Department is instructed to reimburse Plaintiff for funds that have been collected for the payment of his filing fee, if any, and to mail a copy of this Order to the New Hanover County Jail so that withdrawals from Plaintiff's inmate account for this case can be terminated.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.  Signed: April 1, 2022

Martin Reidinger
Chief United States District Judge